# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TRISHA HARRISON, et al.,

    Plaintiffs,

v.

SILVERADO VILLAGE LIMITED PARTNERSHIP, et al.,

    Defendants.

Case No. 2:10-CV-00367-KJD-LRL

**ORDER**

    Currently before the Court is Plaintiffs' Motion to Remand (#5). Defendants filed a Response (#9). Plaintiffs did not file a Reply. Plaintiffs, citizens of Arizona, filed their Second Amended Complaint ("Complaint") in State Court on December 31, 2009, alleging six causes of action against Defendant Silverado Village Limited Partnership, and Silverado Apartments ("Silverado" or Defendants") arising from an incident at the Silverado Apartments wherein Plaintiff Trisha Harrison ("Harrison") was struck and disabled by a window that came off its hinges. Defendants removed the case to Federal Court on March 17, 2010, pursuant to 28 U.S.C. § 1332 for diversity jurisdiction. Plaintiffs filed the instant Motion disclaiming federal jurisdiction by averring that the amount in controversy does not exceed the $75,000 requirement. Specifically, Plaintiffs aver that the Second Amended Complaint seeks only $32,604.00 in past medical expenses, and a sum in excess of $10,000 for future medical expenses, and therefore that the amount in controversy is "likely less than $75,000." (#5 at 3.)

**II. Jurisdictional Requirement**

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and statute. See United States v. Marks, 530 F.3d 799, 810 (9th Cir. 2008) (citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). The party asserting federal jurisdiction bears the burden of overcoming the jurisdictional presumption against it. Kokkonen, 511 U.S. at 377. Federal district courts have original jurisdiction of civil actions when there is diversity between the Plaintiff and Defendants, and where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332. Here, both parties agree that the requisite diversity of citizenship exists between the parties and therefore the only concern about this Court's jurisdiction is the amount in controversy.

**A. Amount in Controversy**

As stated above, Federal courts are afforded subject matter jurisdiction where there is diversity of citizenship between all plaintiffs and all defendants and the amount in controversy exceeds $75,000. See 28 U.S.C. § 1332(a). The removing party holds the burden of demonstrating, by a preponderance of the evidence, that removal of a case to federal court is appropriate, and that the amount in controversy meets the statutory requirement. See Abrego Abrego v. The Dow Chemical Co., 443 F.3d 676 (9th Cir. 2006); Sanchez v. Monumental Life Ins. Co., 102 F.2d 398, 403–04 (9th Cir. 1996). Typically, the amount in controversy is determined from the face of the pleadings. See Crum v. Circus Ciscus Enters., 231 F.3d 1129, 1131 (9th Cir. 2000). However, if the amount in controversy is not facially apparent from the complaint, the removing defendant may prove that federal jurisdiction is merited by setting forth facts that support a finding of the required amount. See Singer v. State Farm Mut. Auto Ins. Co., 116 F.3d 373, 375 (9th Cir. 1997).

It is well established within the Ninth Circuit that 28 U.S.C. § 1332's jurisdictional requirement may be satisfied by claims of both general and specific damages, attorney's fees, and punitive damages. See Thompson v. Lied Animal Shelter, 2009 WL 160237 *4 (D. Nev. January 22,

2009); Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Gibson v. Chrystler Corp., 261 F.3d 927, 946 (9th Cir. 2001); Galt v. Scandinavia, 142 F.3d 1150, 1155–56 (9th Cir. 1998).[1]

**B. Analysis**

In opposition to Plaintiffs' Motion, Defendants aver that removal of this action to federal court was proper because the Complaint's claims support an amount in controversy that exceeds the jurisdictional amount. The Court does not agree. Though Defendants note that Plaintiffs are not willing to stipulate that their claims do not exceed $75,000, the Court finds Plaintiffs' argument that the amount in controversy is "unknown," and "likely less than $75,000" is sufficiently persuasive to preclude federal subject matter jurisdiction. According to the Complaint, Harrison's current medical expenses amount to approximately $32,000. Though Plaintiffs allege that Harrison may incur future medical expenses and that she has incurred loss of enjoyment of life in an amount in excess of $10,000 as well as loss of both past and future income, it is speculative to assume aggregate damages in excess of $75,000. Additionally, the Court notes that although Plaintiffs are seeking punitive damages in excess of $10,000, as well as attorney fees and costs, there is no evidence demonstrating these claims will push the amount in controversy over the minimum requirement.

Defendants have failed to set forth facts that support a finding of the required amount in controversy. Though it is possible that Plaintiffs' claims may reach the minimum requirement, in the absence of more evidence, the Court simply cannot find it more likely than not that the amount in controversy exceeds $75,000. Accordingly, the Court finds that the minimum requirement for diversity jurisdiction has not been established by a preponderance of the evidence, and Plaintiffs' Motion to Remand is Granted.

---

[1]Defendants incorrectly cite Coleman v. Assurant, Inc., 463 F.Supp.2d 1164, 1168 (D. Nev. 2006), to argue that in considering a claim alleging that punitive damages may push the amount in controversy above the statutory requirement, it must appear "to a legal certainty from the complaint that [the plaintiff] could not recover . . . sufficient punitive damages to make up the requisite [jurisdictional amount]." Coleman v. Assurant, Inc., 463 F. Supp.2d 1164, 1168 (D. Nev. 2006)(citation omitted). However, the Ninth Circuit has rejected this reasoning, stating that the application of the "converse legal certainty" test—that Defendant seeks the Court apply here—"may result in an unwarranted expansion of federal diversity jurisdiction." Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 403 (9th Cir. 1996)

3

1 **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand (#5) is **GRANTED**.

2 **IT IS FURTHER ORDERED** that this action is remanded to state court.

3 DATED this 18th day of October, 2010.

_____
Kent J. Dawson
United States District Judge